FILED '07 MAR 19 11:05 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS C. RAY,

        Petitioner,        Civil No. 05-948-TC

        v.                  FINDINGS AND
                                    RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner filed this proceeding under 28 U.S.C. § 2254 challenging a June, 2004, conviction for Theft in the First Degree.[1]

---

[1] Petitioner completed the 13 month imprisonment component of his sentence on April 26, 2005. However, he had not completed the 12 month term of post-prison supervision when he filed his petition in this case.

1 - FINDINGS AND RECOMMENDATION

Petitioner had a state post-conviction relief appeal pending when he filed this federal habeas corpus proceeding. However, because the post-conviction appeal subsequently concluded, by Order (#51) entered August 21, 2006, this proceeding was dismissed without prejudice and deemed re-filed on April 4, 2006.

Before the court is respondent's Second Response to Habeas Petition (#65) in which respondent argues that petitioner has not exhausted his available state remedies on the claims he alleges in his petition,

Petitioner alleges four grounds for relief: 1.) "due process;" 2.) "equal protection;" 3.) "lack of jurisdiction over subject matter, false indictment, lack of discovery;" and, 4.) "illegal influence over judge." Petition (#5) p. 5-6. With respect to each of the four alleged grounds for relief, petitioner notes "see attached hand typed writ." Id. The essence of petitioner's "hand typed writ" is that he "made a coerced and involuntary plea agreement" in order to obtain medical treatment for a knee injury. Petitioner also alleges that Salem police officers "did not have jurisdiction" to search the property where he resided; the indictment was "false;" that he was not provided with discovery; that the

2 - FINDINGS AND RECOMMENDATION

"state" lied;" and, that "the Prosecutor, Judge, and (defense) Attorney created a hopeless case spiraling down to total abandonment" and that petitioner "had no choice but to continue with the false indictment and false charges."

The convoluted procedural history of petitioner's state court proceedings is as follows:

1.) 6/29/2004: Petitioner pleaded guilty to Theft 1. Judgment was entered in the Marion County Circuit Court. Respondent's Exhibit 101 and 102.

2.) 7/29/2004: Petitioner appealed the Marion County Theft 1 conviction. Respondent's Exhibit 103 at p. 1.

3.) 9/20/2004: While petitioner's direct appeal was still pending, petitioner filed a post-conviction (PCR) petition. Respondent's Exhibit 104 at p. 1 and Exhibit 105.

4.) 10/26/2004: The State of Oregon moved to dismiss the PCR proceeding on the ground that petitioner's direct appeal was pending. Respondent's Exhibit 106. Petitioner, through counsel, filed a "Statement of Non-Opposition to the motion to dismiss. Respondent's Exhibit 107.

5.) 1/12/2005: The PCR trial judge issued an order stating that the petition was dismissed "with prejudice," with the provision that petitioner could file a new petition within

3 - FINDINGS AND RECOMMENDATION

two years after the direct appeal was final. Respondent's Exhibit 108 and 109.

6.) 2/8/2005: Petitioner appealed the PCR dismissal, Respondent's Exhibit 110 and 111, on the grounds that the judgment indicates the dismissal was "with prejudice." Respondent's Exhibit 111. The state argued that the dismissal was not really with prejudice because it stipulated that petitioner could file another petition within two years of the completion of the direct appeal. Respondent's Exhibit 112 at p. 3-4.

7.) 5/11/2005: Petitioner filed a mandamus in the Oregon Supreme Court attacking his plea agreement. Respondent's Exhibit 113 and 117.

8.) 2/24/2005: The Oregon Supreme Court denied petitioner's mandamus. Respondent's Exhibit 113 and 118.

9.) 6/24/2005: Petitioner filed his federal 28 U.S.C. § 2254 petition.

10.) 9/9/2005: Petitioner moved to dismiss his direct appeal. Respondent's Exhibit 103 at p. 2.

11.) 9/12/2005: The appellate judgment dismissing petitioner's direct appeal was entered. Respondent's Exhibit 103 at p. 2.

4 - FINDINGS AND RECOMMENDATION

12.)  5/4/2006: The appellate judgment was entered dismissing petitioner's PCR proceeding. Respondent's Exhibit 115.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." Vasquez v. Hillary, 474 U.S. 254 (1986); see also, Duncan v. Henry, 513 U.S. 364 (1995). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986).

5 - FINDINGS AND RECOMMENDATION

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); <u>see also</u>, <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. <u>Coleman v Thompson</u>, <u>supra</u>; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the

6 - FINDINGS AND RECOMMENDATION

claims will result in a miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986); <u>Noltie</u>, 9 F.3d at 806.

In this case, petitioner has never properly presented his claims to the state court. Petitioner filed a direct appeal, but subsequently moved to dismiss the appeal. He filed a petition for post-conviction relief, but it was dismissed as premature because petitioner's direct appeal was pending. Petitioner filed a mandamus proceeding, but mandamus is not the proper remedy to challenge a criminal conviction. <u>See</u>, ORS 34.110, 34.250 and 138.540; <u>see also</u>, <u>Kellotat v. Cupp</u>, 719 F.2d 1027 (9th Cir. 1983). Thus, petitioner has never given the state court a proper context to consider any of his claims. In addition, petitioner has not established any cause or

7 - FINDINGS AND RECOMMENDATION

prejudice for his failure to properly present his claims to the state's highest court. Therefor, petitioner's claims are not proper for federal habeas corpus review.

Although petitioner's first post-conviction was dismissed "with prejudice," is also **specifically allowed** petitioner 2 years from the date his direct appeal was final to file another post-conviction relief case. Petitioner's direct appeal was final on September 12, 2005. Accordingly pursuant to the post-conviction trial court judgment, petitioner has until September 11, 2007, to file another post-conviction relief case. Thus, petitioner has a remaining state remedy for his claims because he may still file a petition for post-conviction relief.

Ordinarily where a 28 U.S.C. § 2254 petitioner has remaining state remedies, the court dismisses the federal petition without prejudice to re-file after the completion of the petitioner's state court proceedings. However, in this case the one year limitations period under 28 U.S.C. § 2254(d) has already expired. Therefore, in order to allow petitioner to file a second petition for post-conviction relief in the Oregon court and to avoid any potential prejudice that could result from the dismissal of petitioner's federal claims after

8 - FINDINGS AND RECOMMENDATION

the expiration of the statute of limitations has expired, I find that it is appropriate that the court's order of dismissal in this case specifically provide that the dismissal **"is without prejudice to re-open before the undersigned within 30 days after the final judgment in petitioner's second post-conviction relief proceeding, if any, in the Oregon courts.**

Thus, if petitioner files a state petition for post-conviction relief by September 11, 2007, the statutory tolling provision and / or equitable tolling will apply and avoid a statute of limitations issue for plaintiff's federal claims until the final judgment concerning any properly filed PCR petition.  If plaintiff does not file a petition for state post-conviction relief by September 11, 2007, he will have procedurally defaulted his claims, and absent a showing of cause and prejudice, they will be subject to dismissal. The Clerk of the Court should be to set this matter for a status review on September 12, 2007.

Petitioner's Petition (#1) should be denied without prejudice as set forth above.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

9 - FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 19 day of March, 2007.

_____
Thomas M. Coffin
United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION